IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

NATIONAL WILDLIFE FEDERATION and
ARKANSAS WILDLIFE FEDERATION                                                PLAINTIFFS

V.                              4:05-CV-01278-WRW

FRANCIS J. HARVEY, in his official capacity
as Acting Secretary of the U.S. DEPARTMENT
OF THE ARMY and GALE NORTON, in her official
capacity as Secretary of the Department of the Interior                     DEFENDANTS

## ORDER

Pending is Plaintiffs Motion for Reconsideration (Doc. No. 94). For the following reasons, the Motion is DENIED.

Plaintiffs contend that I should have considered their experts' declarations when determining whether the agencies complied with the Endangered Species Act. However, judicial review under the Administrative Procedure Act is limited to the administrative record that was before the agency when it made its decision.[1] Here, Plaintiffs' expert testimony was not in the administrative record. In addition, the Eighth Circuit has held that "if the administrative record contains evidence that supports the positions of both the agency and the party seeking relief, the agency is entitled to rely on its experts' tests and observations, and decisions made in such reliance are not arbitrary and capricious"[2]

---

[1] *Voyageurs Nat. Park Ass'n v. Norton*, 381 F.3d 759, 766 (8th Cir. 2004).

[2] *Cent. S.D. Coop. Grazing Dist. v. Sec'y of the United States Dep't of Agriculture*, 266 F.3d 889, 899 (8th Cir. 2001).

1

Plaintiffs also ask for reconsideration on my ruling regarding Defendants' one-mile search radius around the construction site and the tree diameter survey criteria. As discussed previously, Defendants' decisions were not arbitrary or capricious. The administrative record provides reasoned and rationale explanations for their decisions.

Accordingly, Plaintiffs' Motion to Reconsider (Doc. No. 94) is DENIED.

IT IS SO ORDERED this 25th day of August 2008.


/s/ Wm. R. Wilson, Jr.          
UNITED STATES DISTRICT JUDGE